16-1193-cr
*United States v. O'Garro*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of November, two thousand seventeen.

PRESENT:  AMALYA L. KEARSE,
JOSÉ A. CABRANES,
RICHARD C. WESLEY,
*Circuit Judges.*

---

UNITED STATES OF AMERICA,

　　　　　*Appellee,*　　　　　　　　　　　　　　16-1193-cr

　　v.

EARL O'GARRO, JR.,

　　　　　*Defendant-Appellant.*

---

| | |
|---|---|
| **FOR APPELLEE:** | Avi M. Perry and Michael J. Gustafson, Assistant United States Attorneys (Sandra S. Glover, Assistant United States Attorney, *on the brief*), *for* Deirdre M. Daly, United States Attorney, District of Connecticut, New Haven, CT. |
| **FOR DEFENDANT-APPELLANT:** | Tina Schneider, Portland, ME; Earl O'Garro, Jr., *pro se*, Danbury, CT. |

1

Appeal from a judgment dated April 14, 2016 of the United States District Court for the District of Connecticut (Alvin W. Thompson, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Defendant-appellant Earl O'Garro, Jr. ("O'Garro") appeals the District Court's judgment convicting him of one charge of mail fraud (18 U.S.C. § 1341 (2012)) and two charges of wire fraud (18 U.S.C. § 1343 (2012)). O'Garro argues that the District Court committed plain error in instructing the jury that one can commit mail or wire fraud by "depriving another of information necessary to make a discretionary economic decision." He also asserts violations of his right to effective assistance of counsel under the Sixth Amendment of the United States Constitution and requests that we remand to the District Court for fact finding on that claim while retaining jurisdiction of this appeal. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The wire and mail fraud statutes prohibit "any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises" through mail or interstate wire transmission. 18 U.S.C. §§ 1341, 1343 (2012). According to the "right to control" theory of the fraud statutes, the conduct prohibited by the statutes includes "the withholding or inaccurate reporting of information that could impact on economic decisions." *United States v. Wallach*, 935 F.2d 445, 463 (2d Cir. 1991). The District Court relied on this theory when it instructed the jury that a "deprivation of money or property can include depriving another of information necessary to make a discretionary economic decision."

If the defendant has merely failed to challenge a jury instruction at trial, we review the correctness of the instruction for plain error. *United States v. Binday*, 804 F.3d 558, 581 (2d Cir. 2015). Plain error exists when "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (internal quotation marks and brackets omitted). However, the defendant is deemed to have waived the right to appeal any jury instruction that he or she "invited" at trial. *United States v. Giovanelli*, 464 F.3d 346, 351 (2d Cir. 2006) (per curiam).

Waiver is the " 'intentional relinquishment or abandonment of a known right.' " *United States v. Olano*, 507 U.S. 725, 733 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). "Deviation from a legal rule is 'error' *unless the rule has been waived.*" *Olano*, 507 U.S. at 732–33 (emphasis added). If "a particular right is waivable," and if the defendant has "knowingly and voluntarily" made the choice to forgo that right, a decision made in accordance with that choice "*is not error.*" *Id.* at 733 (internal quotation marks omitted) (emphasis ours). "A finding of true waiver" is particularly

appropriate "when . . . defendants not only failed to object to what they now describe as error, but they actively solicited it." *United States v. Quinones*, 511 F.3d 289, 321 (2d Cir. 2007), *cert. denied*, 555 U.S. 910 (2008); *see also, e.g.*, *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 704 (1999) ("As the city itself proposed the essence of the instructions given to the jury, it cannot now contend that the instructions did not provide an accurate statement of the law."); *Binday*, 804 F.3d at 581 ("[W]here a defendant has 'invited' the instruction he seeks to challenge, he 'has waived any right to appellate review of the charge.' " (quoting *Giovanelli*, 464 F.3d at 351)). Where a defendant "has *waived*—that is, intentionally relinquished or abandoned, *Olano*, 507 U.S. at 733—[his] right to" avoid the ruling challenged on appeal, "*there [was] no error at all and plain-error analysis would add nothing.*" *Puckett v. United States*, 556 U.S. 129, 138 (2009) (first emphasis in original; second emphasis added).

In the present case O'Garro requested a jury instruction concerning the right-to-control theory that was identical in every material respect to the now-challenged instruction actually given by the District Court. Thus, O'Garro waived his right to review of the District Court's jury instruction by "inviting" the language at issue in this appeal.

To the extent that O'Garro contends on appeal that the deprivation-of-information theory established by "*Wallach* and its progeny should be overruled," Brief of Defendant-Appellant Earl O'Garro, Jr. at 16, an argument that he apparently did not make in the District Court but did not expressly eschew, we reject that contention on the ground that there is no plain error. The Supreme Court cases cited by O'Garro for that argument are inapplicable to the circumstances of his case, and the right-to-control theory remains the law of this Circuit. *See, e.g.*, *Binday*, 804 F.3d at 570. An instruction incorporating that theory is therefore not error. Nor are the other elements of the plain-error standard satisfied, as the government proved that O'Garro's fraudulent conduct in fact deprived his fraud victims not just of information but of millions of dollars.

O'Garro argues in the alternative that, even if the right-to-control theory is correct, the District Court plainly erred in omitting to instruct the jury that, in order to convict O'Garro on count three of the indictment, it had to find that the victim "suffered or would have suffered some economic harm had [O'Garro's] scheme succeeded." It is true that, under the right-to-control theory of the fraud statutes, "[t]he fraudulent scheme must implicate tangible economic harm." *United States v. Finazzo*, 850 F.3d 94, 111 (2d Cir. 2017). The District Court arguably failed to mention this element of the theory when it instructed the jury that "deprivation of money or property" under the statutes could "include depriving another of information necessary to make a discretionary economic decision." But even if this instruction were error, and were clear error, O'Garro cannot meet the other elements of the plain-error standard, for the jury could not have failed to find that the scheme "implicated tangible economic harm" given the lack of any dispute that O'Garro sought a loan from the victim of the third scheme, *see, e.g.*, Trial Transcript at 674 (defense summation), and the unchallenged evidence that the victim sent O'Garro's company $250,000."

O'Garro's last argument against the right-to-control theory invokes the rule of lenity. We do not think that the rule of lenity is applicable to this case. The rule of lenity does not apply when case law has clarified a statute's ambiguity. *See United States v. Shellef*, 507 F.3d 82, 106 (2d Cir. 2007). Any ambiguity as to whether the right-to-control theory is a fair interpretation of the fraud statutes has been resolved by years of Second Circuit precedent.

In addition, O'Garro argues that he received ineffective assistance of counsel. We think that O'Garro's claim of ineffective assistance of counsel is better reserved for a collateral attack. "[I]n most cases a motion brought under [28 U.S.C.] § 2255 is preferable to direct appeal for deciding claims of ineffective assistance. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *see also United States v. DeLaura*, 858 F.3d 738, 743–44 (2d Cir. 2017).

## CONCLUSION

We have reviewed all of the arguments raised by O'Garro that are properly before us and find them to be without merit. We **DENY** O'Garro's motion of November 21, 2016 for remand to the District Court for fact finding concerning his claim of ineffective assistance of counsel and **AFFIRM** the District Court's judgment of April 14, 2016.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk